# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | Civil Action No.: 2:19-cv-935 |
| ) v. ) ) | COMPLAINT |
| ROGERS BEHAVIORAL HEALTH, ) ) | Jury Trial Demand |
| Defendant ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Gerri Wilson-Clayton. As alleged with greater particularity below, Rogers Behavioral Health ("Rogers") discriminated against Wilson-Clayton by rescinding an offer of employment on the basis of a medical examination and perceived disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 194 ("Title VII), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed in the Eastern District of Wisconsin.

1

## PARTIES AND OTHER PERSONS

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Rogers has continuously been and is now a corporation doing business in the Eastern District of Wisconsin and the city of Oconomowoc, Wisconsin, and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, Rogers has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Rogers has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2)

## ADMINISTRATIVE PROCEDURES

7. On January 24, 2018, more than 30 days prior to the institution of this lawsuit, Wilson-Clayton filed a charge of discrimination alleging a violation of Title I of the ADA by Rogers against her.

8. On August 1, 2018, EEOC issued a Letter of Determination finding reasonable cause to believe that Rogers violated the ADA by refusing to hire Wilson-Clayton and inviting Rogers to engage in conciliation in an endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. EEOC engaged in communication with Rogers to provide Rogers with the opportunity to remedy the discriminatory acts described in the Letter of Determination.

10. On September 25, 2018, EEOC issued a Notice of Failure of Conciliation to Rogers, advising Rogers that the EEOC was unable to secure a conciliation agreement acceptable to EEOC from Rogers.

11. All conditions precedent to the institution of tis lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

12. In late 2017, Wilson-Clayton applied for a position as an Intake Specialist at Rogers.

13. On December 11, 2017, Wilson-Clayton received a conditional offer of employment from Rogers, which she accepted.

14. Rogers gave Wilson-Clayton a tentative orientation date of January 8, 2018.

15. As part of Rogers's pre-employment requirements, Rogers required Wilson-Clayton to successfully pass a physical and drug screen. Wilson-Clayton received a letter stating that her "start date will be delayed or not occur if all portions of the post offer employment physical . . . are not completed before your scheduled orientation date."

16. On December 14, 2017, Wilson-Clayton went to a third-party company, Aurora Occupational Health Services ("Aurora") for her physical and drug screen.

17. As part of her physical, Wilson-Clayton filled out a Medical History and Physical Examination document ("MHPE").

18. On the MHPE, Wilson-Clayton listed the medications for which she had a prescription, including Alprazolam[1].

---

[1] Alprazolam, the generic term for Xanax, is a benzodiazepine frequently prescribed to treat anxiety and panic disorders.

19. On the MHPE, Wilson-Clayton also identified certain medical impairments.

20. Aurora performed Wilson-Clayton's physical, and her drug test was performed by a separate third-party company, Noble Diagnostics ("Noble").

21. On the first page of the MHPE, the doctor performing Wilson-Clayton's physical indicated that she reviewed Wilson-Clayton's drug screen and found her "medically acceptable for work of this type." The doctor recommended Wilson-Clayton have a Measles-Mumps-Rubella ("MMR") booster before starting at Rogers.

22. Noble performed the drug screen, finding that Wilson-Clayton tested positive for Alprazolam.

23. Neither Noble nor Rogers followed up with Wilson-Clayton to request that she provide additional information about her lawfully prescribed medication.

24. On January 2, 2018, Sarah Menard, a recruiter for Rogers contacted Wilson-Clayton by email informing her that Rogers was rescinding her offer of employment "due to unsuccessfully completing the pre-employment requirements."

25. Rogers, through Noble and Aurora, knew that Wilson-Clayton had a prescription for Alprazolam.

26. As alleged in paragraphs 12-25, Rogers discriminated against Wilson-Clayton when it rescinded her job offer based on her use of a legally prescribed medication, in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a), (d)(2)(B), and (d)(3)(C).

27. Rogers' rescission of Wilson-Clayton's job offer due to her use of a legally prescribed prescription medication constituted a failure to hire her because of actual or perceived impairments for which she was taking the medication.

28. Rogers's conduct has deprived Wilson-Clayton of equal employment opportunities.

29. Rogers unlawful employment practice was intentional.

30. Roger's unlawful employment practice was done with malice or reckless indifference to the federally protected rights of Wilson-Clayton.

## **PRAYER FOR RELIEF**

WHEREFORE, EEOC respectfully prays that this court

A. Grant a permanent injunction enjoining Defendant, its officers, successors, and assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA;

B. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make Wilson-Clayton whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring, or an award of front pay and/or future lost earnings in lieu thereof;

D. Order Defendant to make Wilson-Clayton whole by providing compensation for past and future pecuniary losses;

E. Order Defendant to make Wilson-Clayton whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation;

F. Order Defendant to pay Wilson-Clayton punitive damages for its intentional, malicious, and/or reckless conduct, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Grand EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all issues of fact raised by its Complaint.

Respectfully Submitted

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment
Opportunity Commission
131 M. St NE
Washington, DC 20507

/s/ Gregory M. Gochanour
Gregory M. Gochanour
Regional Attorney

/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney


/s/ Jonathan Delozano
Trial Attorney
U.S. Equal Employment
Opportunity Commission
Chicago District Office
230 S. Dearborn St., Ste 2900
Chicago, Illinois 60604
(312) 872-9695