UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.                                          Case No. 19-cv-935-pp

ROGERS BEHAVIORAL HEALTH,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER (DKT. NO. 27) AND DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DKT. NO. 28)**

On September 30, 2020, the plaintiff filed a motion to amend the scheduling order. Dkt. No. 28. The motion asked the court to "amend the existing scheduling order for the limited purpose of permitting EEOC to complete the two depositions . . . by October 30, 2020." Id. at 2. The defendant filed a motion for protective order asking the court to deny the plaintiff's motion to amend the scheduling order and seeking to quash the plaintiff's subpoena for a Rule 30(b)(6) deposition of third-party witness Aurora Healthcare. Dkt. No. 28 at 1. This order grants the plaintiff's motion to extend the discovery deadline for the limited purpose of allowing the plaintiff to depose the defendant's expert and denies the defendant's motion for a protective order.

**I.    Background**

In June 2019, the plaintiff filed suit against the defendant on behalf of Gerri Wilson-Clayton, alleging violations of the Americans with Disabilities Act (ADA) and Title I of the Civil Rights Act. Dkt. No. 1. The plaintiff brought the

1

suit as the government agency tasked with investigating such discrimination claims under Title I of the ADA.

The defendant characterizes the events that gave rise to the suit as "having occurred in a very narrow window of time between November 27, 2017 and January 4, 2018;" it says that Ms. Wilson applied for a job on November 27, 2017, accepted the job on December 11, 2017, later was told the offer was contingent on completing certain requirements and appeared for a physical at Aurora on December 14, 2017. Dkt. No. 29 at 2. The defendant says that on March 18, 2018, it provided to the plaintiff the medical history Aurora had completed for Ms. Wilson. Id.

The defendant answered the complaint, dkt. no. 8, and on September 20, 2019 the court issued a scheduling order, dkt. no. 12. That order gave the parties eight and a half months—until June 1, 2020—to complete discovery. Dkt. No. 12.

The defendant asserts that the plaintiff made its Rule 26(a)(1) initial disclosures on October 15, 2019. Dkt. No. 29 at 2. In those disclosures, the plaintiff noted that an employee at Aurora Occupational Health Center—the physician's assistant who reviewed and certified Wilson's medical history and exam form—might have knowledge relevant to the case. Id. at 3; Dkt. No. 30-2 at 3, ¶3.

The defendant says that on May 1, 2020, the plaintiff sent the defendant an email identifying nine witnesses it wanted to depose; the defendant emphasizes that this was a month before the then-scheduled June 1, 2020

2

discovery deadline. Id. at 3. The defendant says this list did not include anyone from Aurora. Id. The parties then stipulated to extending the discovery deadline by four months, to October 1, 2020. Id.; dkt. no. 26.

The defendant contends that on September 16, 2020—two weeks before the discovery deadline—the plaintiff served Aurora Healthcare with a subpoena for a Rule 30(b)(6) deposition. Dkt. No. 29 at 3; Dkt. No. 33 at 2. The plaintiff indicates that the notice stated that the depositions would be taken on September 28, 2020 (two days before the discovery deadline). Dkt. No. 27 at 1, ¶2. According to the plaintiff, counsel for Aurora responded that "she and the witnesses" could not appear on September 28 and suggested October 23 or 28, 2020; according to the plaintiff, "[c]ounsel indicated that the delay [was] related to her travel to safely visit an immuno-compromised family member during the pandemic restrictions." Id.

On September 30, 2019, the plaintiff filed a motion asking the court to extend the discovery deadline to October 30, 2020 (a date that now has passed). Dkt. No. 27. The plaintiff represents that this extension is "for the limited purpose of permitting EEOC to complete the two depositions." Id. The same day, the defendant filed a motion for a protective order "quashing [the plaintiff's] 30(b)(6) deposition subpoena served upon Aurora Healthcare and denying the plaintiff's motion to further extend discovery an additional 30 days to November 1, 2020." Dkt. No. 28. Each party has opposed the other's motion.

3

## II. Analysis

In its motion for an extension of the discovery deadline, the plaintiff explained why the Aurora representative could not be deposed on September 28. Dkt. No. 27 at ¶2. The plaintiff also implied that it had not yet deposed the defendant's expert; it indicated that it had proposed a stipulation that could obviate the need to depose the defendant's expert, but that if the parties could not agree, it would need to depose the defense expert. Id. at ¶3. At the time, the plaintiff indicated that it could complete both depositions by October 30, 2020. Id. at ¶4.

The plaintiff filed this motion at about 3:15 p.m. on September 30. Less than twenty minutes later, the defendant filed a motion for a protective order. Dkt. No. 28. As noted, the motion, while captioned a motion for a protective order, asked the court to quash the Rule 30(b)(6) subpoena and deny the plaintiff's motion to extend the discovery deadline. In the supporting brief, the defendant asserted that the Rule 30(b)(6) subpoena showed that the plaintiff wanted to question the Aurora representative about documents the plaintiff has known about for thirty-one months. Dkt. No. 29 at 4. It argued that the plaintiff could have sought to depose the Aurora representative at any time "over the course of more than a year of litigation," and that it had indicated "as early as August 25, 2020 that it intended to conduct such a deposition." Id. at 5. It argued that the plaintiff served the subpoena "at the 11th hour" on September 15, 2020. Id. The defendant insisted repeatedly that the plaintiff

4

had engaged in delay tactics for no good cause and that it would be prejudiced by an extension because the dispositive motions deadline was November 1.

The next day—October 1, 2020—the plaintiff filed a brief in opposition to the defendant's motion for a protective order and in support of its motion for an extension of time. Dkt. No. 31. The plaintiff asserts that the defendant's motion involves a single deposition—one of only two that weren't able to be conducted before the discovery deadline. Id. at 1. It notes that it asked for only thirty additional days and that it served the Rule 30(b)(6) subpoena before the discovery deadline and sought to ask about fourteen pages of medical records and eleven topics. Id. at 1-2. It anticipated the deposition would take less than three hours. Id. at 2. The plaintiff also correctly points out that neither the defendant nor Aurora filed a motion to quash the subpoena. Id. The plaintiff says that it sought the defendant's agreement to extend the discovery deadline before filing the motion and that at that time, the defendant "provided no indication it opposed accommodating Aurora's counsel's schedule request until the afternoon of September 30." Id.

The plaintiff asserts that the defendant's motion "ignores the reality that the parties were actively litigating the case throughout the pandemic; EEOC noticed the deposition before the close of discovery, and counsel for Aurora responded before the deposition that the noticed date did not work for her schedule. Id. at 3. It stated that the plaintiff "(and Defendant) have been diligent in completing substantial oral and written discovery under the challenging and shifting circumstances of the COVID-19 pandemic." Id. It

5

states, "[d]espite work-from-home orders, closed offices, and travel restrictions, the parties have worked together to adapt to new technology and approaches to take depositions remotely." Id. at 3-4. Finally, the plaintiff reiterates that if the parties can't reach a stipulation regarding the defendant's expert, it will need more time to conduct that deposition. Id. at 3 n.1.

In a "reply brief supporting defendant's motion for protective order and responding to plaintiff's motion to amend scheduling order," the defendant fires back that the plaintiff's motion to extend the discovery deadline has nothing to do with the pandemic and "everything to do with a pattern of last-minute delay tactics which, if rewarded, will prejudice" the defendant. Dkt. No. 33 at 1. The defendant asserts that in order to address all the topics the plaintiff listed in the Rule 30(b)(6) subpoena, Aurora will need to produce at least two witnesses, and that the plaintiff also seeks to depose the defendant's expert. Id. The defendant says that while it may not need to call its expert at trial, it never agreed to withdraw the expert as a witness and says the plaintiff has not explained why it waited fifty-one days after the expert's report to "bring up the potential of expert witness discovery." Id. at 2-3.

Concerned about the tone of these exchanges, the court scheduled a hearing for November 16, 2020 at 1:30 a.m. Dkt. No. 35. As the court reviewed the pleadings in preparing for the hearing, however, it thought it might make more sense to resolve the motions without a hearing, and it began to prepare this written order. As the court was drafting the order, the plaintiff filed a status report. Dkt. No. 36. The plaintiff reports that it has obtained a

declaration from the Aurora witness and no longer needs to conduct the Rule 30(b)(6) deposition; it also indicates that it has provided a copy of the declaration to the defendant. Id. at 1. It appears, however, that an issue still remains with regard to the plaintiff's desire to depose the defendant's expert; the plaintiff asks to extend the discovery deadline to allow it to depose the defendant's expert, which it anticipates will take less than four hours and can be conducted remotely. Id. at 1-2.

The court is not sure what has gone sideways between the parties, but it is concerned about the defendant's response to the plaintiff's motion. From a procedural standpoint, the defendant asked the court in its motion for a "protective order" to "quash" the Rule 30(b)(6) subpoena. That issue now is moot, but the court is troubled by the defendant's apparent attempt to get around what likely would be a standing issue had it filed a motion to quash the Rule 30(b)(6) subpoena by casting the motion as a motion for a protective order. The court need not determine whether the defendant would have had standing to ask the court to quash the subpoena, but if that was the relief the defendant sought, it should have sought it by filing a motion to quash.

As to the broader issue of the plaintiff's request to extend the discovery deadline by thirty days, the defendant's reaction and allegations of deliberate delay tactics seems unwarranted. The court issued the original scheduling order thirteen months ago. That isn't, in the court's experience, an inordinately long period for discovery, particularly given the fact that during the last eight months, the pandemic has created unique restrictions on the ability of parties

7

to conduct discovery. A request of an additional month does not seem unreasonable. While noticing a deposition two weeks prior to the discovery deadline creates a possibility that the deposition may not be completed within the deadline, the court has seen parties in many cases work through such issues informally. The plaintiff appears to believe that the parties have been working cooperatively for most of the case (which the court greatly appreciates). Why that cooperation evaporated when the plaintiff sought to take a Rule 30(b)(6) representative deposition is a mystery.

The defendant has stated several times that it would be prejudiced by an extension of the discovery deadline because it planned to file its dispositive motions on November 1, the deadline the court previously had set at the parties' request. Deadlines get moved all the time, either by agreement or by the court. It seems the solution to the defendant's concern in that regard is to extend the dispositive motions deadline, as the parties earlier agreed to do in the case. There is no final pretrial conference or trial date on the calendar, so the extension would not interfere with a scheduled trial.

As to the issue that remains—the plaintiff's desire to depose the defendant's expert—the defendant says that while it may not call the expert at trial, it never has "withdrawn" the expert as a witness. The defendant implies that the plaintiff should have deposed the expert regardless of whether the defendant planned to call him/her as a witness. This argument ignores the economic and logistical realities of litigation in 2020. Depositions cost money to conduct; many parties attempt to cull the list of witnesses to be deposed for

8

Case 2:19-cv-00935-PP   Filed 11/13/20   Page 8 of 10   Document 37

economic reasons. This may be more true during the pandemic, when parties have to weigh whether to hold depositions in person or remotely and when witnesses' availability may be impacted by anything from the unexpected need to provide child care when a school or daycare is closed due to an outbreak to a family member's illness to technical difficulties.

The court will grant the plaintiff's motion to extend the discovery deadline for the limited purpose of allowing the plaintiff to depose the defendant's expert. The court will deny the defendant's motion for a protective order. The court will extend the deadline for filing dispositive motions. The court will remove the November 16, 2020 conference from the hearing calendar.

**III. Conclusion**

The court **GRANTS** the plaintiff's motion to amend the scheduling order. Dkt. No. 27.

The court **DENIES** the defendant's motion for protective order. Dkt. No. 28.

The court **ORDERS** that the deadline for completing discovery is **EXTENDED** to the end of the day on **December 18, 2020** for the limited purpose of allowing the plaintiff to depose the defendant's expert.

The court **ORDERS** that the deadline for parties to file dispositive motions is **EXTENDED** to the end of the day on **January 15, 2021**.

The court **ORDERS** that the hearing scheduled for Monday, November 16, 2020 at 1:30 a.m. is **REMOVED** from the court's hearing calendar.

Dated in Milwaukee, Wisconsin this 13th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
