UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.                                                     Case No. 19-cv-935-pp

ROGERS BEHAVIORAL HEALTH,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO STAY BILL OF COSTS (DKT. NO. 75)**

On September 6, 2022, the court issued an order granting the defendant's motion for summary judgment (Dkt. No. 38) and dismissing the case. Dkt. No. 70. The following day, the defendant filed a proposed bill of costs. Dkt. No. 72. On September 22, 2022, the plaintiff filed a motion asking the court to stay judgment on or enforcement of the bill of costs pending an appeal of the case. Dkt. No. 75. The court will deny the plaintiff's motion.

"A stay is an intrusion into the ordinary processes of administration and judicial review . . . ."[1] Nken v. Holder, 556 U.S. 418, 427 (2009) (citation and internal quotations omitted). It is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular

---

[1] This is especially true in the case of taxation of costs. Under Fed. R. Civ. P. 58(e), "Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees."

1

case." Id. at 433 (citation and internal quotations omitted). In determining whether to issue a stay, courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify" a stay. Id. at 433–34 (citations omitted).

The plaintiff argues that multiple factors weigh in favor of staying the bill of costs. Dkt. No. 75 at 2. It argues that issuance of a stay will not substantially or irreparably injure the defendant because the defendant "will be able to collect after resolution of any appeal in the event that" the defendant prevails. Id. This argument addresses the third factor discussed above—whether issuance of the stay will substantially injure the other interested parties. The plaintiff also contends that a stay serves the public interest by avoiding unnecessary judicial resolution of disputed issues. Id. The plaintiff specifically asserts that a stay of judgment on the bill of costs is appropriate because the plaintiff disputes certain costs and a reversal on appeal would mean that the defendant is no longer the prevailing party. Id. This argument addresses the fourth factor discussed above—where the public interest lies.

Assuming but not deciding that the court agrees with the plaintiff's arguments as to the third and fourth factors, those are not the factors that drive the court's decision. "The first two factors of the traditional standard are

2

the most critical." Nken, 556 U.S. at 434. The plaintiff has not made *any* showing as to the first factor—the likelihood that it will succeed on the merits of an appeal—or on the second factor—whether it would be irreparably injured if the court does not issue a stay. Not only has the plaintiff failed to make a "strong" showing that it is likely to succeed on the merits of an appeal, but it has not even decided that it *will* appeal:

> Plaintiff . . . requests that this Court issue a stay . . . delaying the taxing of any costs to the agency until 14 days after the case is decided on appeal if the [plaintiff] appeals and [the defendant] prevails or until 14 days after the [plaintiff's] time for filing a Notice of Appeal has expired if the [plaintiff] has not filed such a Notice.

Dkt. No. 75 at 1, 3. The plaintiff appears to be asking the court to stay its judgment on the bill of costs until it has *decided* whether it will appeal the case. It has not satisfied the first factor justifying the court in exercising its discretion to impose a stay.

Neither has the plaintiff satisfied the second factor—demonstrating that it will suffer irreparable injury if the court does not impose the stay. It has not alleged that it will suffer any harm if the court does not impose a stay, much less irreparable harm.

Because the plaintiff has not demonstrated that it will appeal, that it has a substantial likelihood of success on the merits if it does appeal or that it will suffer irreparable harm if the court does not stay its judgment on costs, the court will deny the motion.

The court **DENIES** the plaintiff's motion to stay judgment on the bill of costs. Dkt. No. 75.

3

Case 2:19-cv-00935-PP   Filed 10/04/22   Page 3 of 4   Document 78

The court refers the bill of costs and objections to the clerk's office to be taxed. See Eastern District of Wisconsin Instructions for Electronically Filing a Bill of Costs ("At the end of the briefing period, if appropriate, costs will be taxed by the Chief Deputy . . . ."). https://www.wied.uscourts.gov/forms/bill-costs.

Dated in Milwaukee, Wisconsin this 4th day of October, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**